**Reversed in Part, Remanded, and Memorandum Opinion filed December 5, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00832-CV

## IN THE INTEREST OF A.S.G., AND N.P.G., CHILDREN

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2018-04741**

## M E M O R A N D U M   O P I N I O N

This accelerated appeal arises from a final decree in a suit in which termination of the parent-child relationship was at issue. *See* Tex. Fam. Code Ann. § 109.002(a-1). The trial court terminated the parental rights of S.H. (Mother) and D.B.G. (Father), respectively, with respect to their children, A.S.G. and N.P.G. (the Children).[1] The trial court also appointed the Texas Department of Family and Protective Services (the Department) to be the children's managing conservator.

---

[1] We use pseudonyms or initials to refer to the children and parents involved in this case. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

Only Mother appeals.[2]

Court reporter Tony Baiamonte III notified this court that he is unable to produce his portion of the reporter's record (volumes 2, 5, and 6) because the electronic recording is inaudible. An appellant is entitled to a new trial when she timely requests the reporter's record, and, by no fault of the appellant, the reporter's record has been lost or destroyed, is necessary for the appeal, and cannot be reconstructed. *See* Tex. R. App. P. 34.6(f); *Gavrel v. Rodriguez*, 225 S.W.3d 758, 761 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *In re B.H.*, No. 14-16-01011-CV, 2017 WL 1015697, *1 (Tex. App.—Houston [14th Dist.] Mar. 14, 2017, no pet.) (mem. op.) (per curiam) (reversing portion of judgment terminating appellant's parental rights and granting appellant new trial because reporter's record was lost or destroyed).

On November 13, 2019, we abated this appeal for the trial court to make findings under Texas Rule of Appellate Procedure 34.6(f). Supplemental clerk's and reporter's records regarding those findings have been filed. The trial court found:

(1) Mother timely requested a reporter's record;

(2) without Mother's fault, a significant portion of the court reporter's notes and recordings have been lost or destroyed or is inaudible;

(3) the lost, destroyed, or inaudible portion of the reporter's notes and recordings are necessary to the appeal's resolution; and

(4) the parties cannot agree on the replacement of the portions of the reporter's notes or recordings nor can the parties agree that the notes or recordings can be duplicated with reasonable certainty.

---

[2] Mother's parental rights as to two other children were terminated in two separate proceedings. Her appeals from those terminations were assigned to this court. No. 14-19-00833-CV, *In the Interest of E.H., a Child*; and No. 14-19-00834-CV, *In the Interest of N.A.H., a Child*.

The trial court concluded that Mother is entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f).

In light of the trial court's findings, we **REVERSE** only that portion of the final decree terminating Mother's parental rights to the Children and **REMAND** this case to the trial court for a new trial to be held as to only those claims brought by the Department against Mother. *See* Tex. Fam. Code Ann. § 263.401(b-1). We leave the remainder of the decree undisturbed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.